**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| DAVID R. REED, | No.    17-17176 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-04471-JSW |
| v. | |
| KRON/IBEW LOCAL 45 PENSION PLAN; PENSION COMMITTEE OF THE KRON/IBEW LOCAL 45 PENSION PLAN; YOUNG BROADCASTING OF SAN FRANCISCO, INC., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted February 13, 2019
Resubmitted May 14, 2019
San Francisco, California

Before:  McKEOWN, W. FLETCHER, and MURGUIA, Circuit Judges.

David Reed and Donald Gardner began a committed, long-term relationship in 1998.  Gardner worked for a television station, KRON-TV.  KRON funded a benefit plan ("Plan") governed by the Employee Retirement Income Security Act

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

("ERISA") and administered by the Pension Committee ("Committee"). According to the Plan's choice-of-law provision, the Plan "shall be administered and its provisions interpreted in accordance" with California law "in a manner consistent with the requirements of the [Internal Revenue] Code ["the Code"] and ERISA, as the same may be amended from time to time."

In 2004, Gardner and Reed registered as domestic partners. Gardner retired on April 1, 2009 and began receiving pension benefits. Gardner and Reed married in May 2014, five days before Gardner passed away. The pension payments ceased upon Gardner's death.

Reed made a claim for a survivor-spousal benefit to the Committee. The Committee denied the claim, stating that it "has consistently interpreted the term spouse to exclude domestic partners." Reed sued, and the parties filed cross-motions for judgment on the pleadings. The district court granted the Committee's motion, finding that it did not abuse its discretion in denying Reed's claim for benefits.

We review *de novo* a district court's ruling on a motion brought under Federal Rule of Civil Procedure 12(c). *Lyons v. Chase Bank, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011). If an ERISA plan grants discretionary authority to a plan administrator to construe the terms of the Plan, we review the plan administrator's interpretation for abuse of discretion. *Lehman v. Nelson*, 862 F.3d 1203, 1216 (9th

Cir. 2017). It is undisputed that the Plan granted such authority.

The Committee abused its discretion by denying benefits to Reed. During either time the Committee evaluated the Plan's benefits in this case—in 2009 or in 2016—California law afforded domestic partners the same rights, protections, and benefits as those granted to spouses. *See* Cal. Fam. Code § 297.5(a); *see also Koebke v. Bernardo Heights Country Club*, 36 Cal. 4th 824, 837-89 (2005). Neither ERISA nor the Code provided binding guidance inconsistent with applying this interpretation of spouse to the Plan. *See United States v. Windsor*, 570 U.S. 744 (2013) (striking down the Defense of Marriage Act's definitions of "spouse" and "marriage" as unconstitutional); *cf.* 26 C.F.R. § 301.7701-18(c) (as of September 2, 2016, the Code excludes registered domestic partners from the definition of "spouse, husband, and wife"). Therefore, because Reed and Gardner were domestic partners at the time of Gardner's retirement, the Committee should have awarded Reed spousal benefits in accordance with California law, as was required by the Plan's choice-of-law provision.

We reverse the district court's judgment and remand with instructions to determine the payments owed to Reed. *See Hearn v. W. Conference of Teamsters Pension Tr. Fund*, 68 F.3d 301, 305-06 (9th Cir. 1995).

**REVERSED and REMANDED with instructions.**